SAMPLE, WALLACE E., Associate Judge.
A deputy sheriff on routine patrol stopped an automobile for failure to dim headlights when approaching oncoming traffic. While stopping the vehicle the officer learned by radio communication that a breaking and entering had taken place, that an automobile like the one he was following was involved, that one Harding was a suspect, that a strongbox had been taken and it supposedly contained 5 twenty dollar bills.
The appellees were hitchhikers and had been picked up by Harding. Miller was driving, Harding was in the front passenger seat and Aiken occupied the rear. The three men were placed under arrest for breaking and entering and “frisked” or patted down. A strongbox was visible in plain view on the rear floorboard but a search of the automobile and its contents failed to disclose any twenty dollar bills. The three men were taken to the county jail and a more thorough search was made of their clothing and personal belongings, but still no twenty dollar bills were found.
The search at the jail revealed marijuana in the jackets of Miller and Aiken and they were charged with possession of marijuana. Miller was also charged with the traffic violation and Aiken was also charged with possession of alcoholic beverages by a minor. The charge of breaking and entering, under which both were arrested, was dropped.
The trial court on motion and after hearing testimony suppressed the evidence gained through search of the jackets on the theory the searches were unreasonable and exploratory and it is from the order suppressing the evidence that the state appeals. We cannot agree with the conclusions of the trial judge.
The arresting officer had knowledge of the commission of a felony and that at least one of the occupants of the automobile was involved. A strongbox like the one stolen was in plain view on the floorboard. The search conducted on the highway at the scene of arrest, while it did not reveal any of the missing twenty dollar bills, could not reasonably be taken as conclusive that the missing bills were not hidden within the clothing or upon the body of one or more of the suspects or hidden in or about their personal belongings or the automobile. It would be unreasonable to expect the officers to conduct a search on the public highway with the thoroughness and exactness which would be required to determine conclusively that the twenty dollar bills were not on the occupants or within the automobile. It therefore follows that the search at the county jail was a continuation of the search begun on the highway.
One of the officers testified he recognized the marijuana by sight and smell immediately upon discovery of it and this was verified by the ducinoid test to which it was subjected.
*444 It is our opinion that the circumstances as they existed at the time of the arrest for breaking- and entering were sufficient for the arresting officer to believe there was probable cause that all three had been involved in the felony as principal or as aider and abettor. A felony had been reported, a known suspect was in the automobile, Miller was driving the suspect’s car, Aiken was in the rear of the car with the stolen property in plain view and the currency was missing. This would be reason enough for any law enforcement officer to suspect the missing currency might be cached in or about the person, clothing or personal belongings of the occupants of the automobile. The missing currency is the factor which gives reasonableness to the search, an incident of which resulted in the charge involved herein.
The search was reasonable and pursuant to F.S. Section 901.21(1), F.S.A., the evidence found is admissible.
All questions raised having been considered and resolved in favor of the appellant it follows that the order appealed from is
Reversed.
CROSS, C. J., and McCAIN, J., concur.